FILED

530

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

08 MAR 17 PM 3: 23

Name    McKinley          Keith         E.
        (Last)            (First)      RICHARD W. WIEKING
                                       CLERK, U.S. DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number ___ V-05927

Institutional Address  CSP-Solano,  P.O. Box 4000, 5-231-L

Vacaville, Ca.  95696-4000

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

KEITH ELLSWORTH MCKINLEY _____    )
(Enter the full name of plaintiff in this action.)      )
                                                        )    CV 08 ____ 1479
                        vs.                             )    Case No.
                                                        )    (To be provided by the clerk of court)
 D.K. SISTO, Warden _____                         )
                                                        )    PETITION FOR A WRIT
_____                       )    OF HABEAS CORPUS
                                                        )
_____                       )
                                                        )
_____                       )
                                                        )
_____                       )
(Enter the full name of respondent(s) or jailor in this action)    )


### Read Comments Carefully Before Filling In

__When and Where to File__

       You should file in the Northern District if you were convicted and sentenced in one of these

counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

       If you are challenging your conviction or sentence and you were not convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located.  If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  Who to Name as Respondent

2        You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1.  What sentence are you challenging in this petition?

12           (a)   Name and location of court that imposed sentence (for example; Alameda

13                County Superior Court, Oakland):

14           <u>Lake County Superior Court</u>        <u>Lakeport, Ca.  95453</u>

15                Court                                Location

16           (b)   Case number, if known  <u>CR5307E</u>

17           (c)   Date and terms of sentence <u>8/29/03.  16 Years, 8 Months.</u>

18           (d)   Are you now in custody serving this term?  (Custody means being in jail, on

19                parole or probation, etc.)          Yes <u>XX</u>     No <u>_____</u>

20                Where?

21                Name of Institution: <u>CSP-Solano</u>

22                Address <u>P.O. Box 4000, 5-231-L, Vacaville, Ca. 95696-4000</u>

23        2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>H&S Code §§ 11379.6(a), Mfg. Cntrl. Subst.; 11377, Poss. Meth.; 11379.8,</u>

27  <u>Volume Enhancement;  Cal.P.C. §§ 12022.1, Bail Enhamcement; 12022(c)</u>

28  <u>Arming Enhancement.</u>

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                     Yes __XX__     No _____

    Preliminary Hearing:          Yes __XX__     No _____

    Motion to Suppress:          Yes __XX__     No _____

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere __XX__

    Any other plea (specify) _____N/A_____

5. If you went to trial, what kind of trial did you have?    N/A

    Jury _____    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?    N/A    Yes _____    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes __XX__     No _____

    (b)    Preliminary hearing     Yes __XX__     No _____

    (c)    Time of plea            Yes __XX__     No _____

    (d)    Trial                    N/A Yes _____     No _____

    (e)    Sentencing            Yes __XX__     No _____

    (f)    Appeal                Yes __XX__     No _____

    (g)    Other post-conviction proceeding     Yes _____     No __XX__

8. Did you appeal your conviction?    Yes __XX__     No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes __XX__     No _____

        Year: _2004_     Result: __Judgment Affirmed._____

        Supreme Court of California     Yes __XX__     No _____

        Year: _2005_     Result: _Review Denied._____

        Any other court          Yes _____     No __XX__

        Year: _____     Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

petition?                                    Yes _____    No  XX

(c)    Was there an opinion?                 Yes  XX .    No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                             Yes _____    No  XX

       If you did, give the name of the court and the result:

                    N/A

       _____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

this conviction in any court, state or federal?    Yes  XX    No_____

       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

challenged the same conviction you are challenging now and if that petition was denied or dismissed

with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

for an order authorizing the district court to consider this petition.  You may not file a second or

subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following

       questions for each proceeding.  Attach extra paper if you need more space.

       I.    Name of Court: Lake County Superior Court.

             Type of Proceeding: Habeas Corpus Application.

             Grounds raised (Be brief but specific):

             a. Illegal sentence pursuant to Cunningham v California

             b. 549 U.S. ___ (2007).

             c._____

             d._____

             Result: Denied.                 Date of Result: 03/07

       II.   Name of Court: California Court of Appeal, First Dist.

             Type of Proceeding: Habeas Corpus Application

             Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

a. Same as above and instant petition.

b.

c.

d.

Result: Denied.                          Date of Result: 7/11/07

III.   Name of Court: California State Supreme Court

Type of Proceeding: Habeas Corpus Application

Grounds raised (Be brief but specific):

a. Same as above and instant petition.

b.

c.

d.

Result: Denied.                          Date of Result: 2/13/08

IV.   Name of Court: N/A

Type of Proceeding:

Grounds raised (Be brief but specific):

a.

b.

c.

d.

Result:                                  Date of Result:

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____     No XX

Name and location of court: N/A

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1   need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: Please see attached **Addendum 1** to Writ Petition.

6

7        Supporting Facts: Please see attached **Addendum 1** to Writ Petition.

8

9

10

11       Claim Two: N/A

12

13       Supporting Facts: N/A

14

15

16

17       Claim Three: N/A

18

19       Supporting Facts: N/A

20

21

22

23        If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   The Cunningham decision was made after I was sentenced.

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Cunningham v California 549 U.S.____(2007); Blakely v Washington 542 U.S. 296 (2004); Apprendi v New Jersey 530 U.S. 466 (2000); McMillan v Pennsylvania 477 U.S. 79 (1986); Teague v Lane 489 U.S. 288 (1989); In re Winship 397 U.S. 358 (1970); In re Harris 5 Cal.4th 813 (1993).

Do you have an attorney for this petition?          Yes_____     No_XX_

If you do, give the name and address of your attorney:

        N/A

    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  _3/11/08_____          _____
                Date                              Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

ADDENDUM 1 TO WRIT PETITION TO THE UNITED STATES
DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

TRIAL COURT ERRED IN APPLYING CIRCUMSTANCES IN MITIGATION OR AGGRAVATION
IN THE ABSENCE OF OBTAINING A JURY WAIVER ON THE ISSUES, AND ERRED ALSO
IN MAKING ITS OWN DETERMINATIONS OF AGGRAVATION AND/OR MITIGATION OF THE
FACTS RELATED TO SENTENCING, ABSENT THE REQUISITE FINDINGS UNDER THE MORE
RIGOROUS STANDARD OF BEYOND A REASONABLE DOUBT AS REQUIRED UNDER
CUNNINGHAM V CALIFORNIA 549 U.S. ___ (2007).

FACTS

Petitioner's Abstract of Judgment reflects that the trial court imposed the

upper term sentences for counts 1 and 9, and consecutive sentences for count 14,

as well as the three enhancements. Under recent United States Supreme Court

decisions related to range sentence terms (Cunningham v California 549 U.S. ___;

and Blakely v Washington 542 U.S. 296; see also Apprendi v New Jersey 530 U.S.

466), the sentencing court may no longer depart from the mandatory middle range

sentence under the Determinate Sentencing Law (DSL), absent certain procedures

which were not inherent in sentencing proceedings prior to the decision in

Cunningham. Though petitioner's sentence is the result of a plea deal between

himself, the prosecutor, and the court, certain constitutional protections are

nonetheless required, and the fact of a plea deal does not make those

protections null and void, or unavailable to the petitioner.

When the sentencing court found factors in aggravation, the determination

of those factors came under the more lenient and unprotected standard of proof,

to wit, 'by a preponderance of the evidence,' as outlined in the California

Rules of Court, Division III, §§ 401, et.seq., and California Penal Code §§

1170 et.seq., rather than the more rigorous standard of 'beyond a reasonable

doubt,' as outlined in Cunningham, supra 549 U.S.___, which relates to

California sentencing schemes, and consigned to by the parameters within other

related U.S. Supreme Court decisions: Blakely v Washington 542 U.S. 296 (2004);

- 1 -

Apprendi v New Jersey 530 U.S. 466 (2000); Ring v Arizona 536 U.S. 584 (2002); United States v Booker 543 U.S. 220 (2005). "[T]he relevant 'statutory maximum,'" the Supreme court has clarified, "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Blakely, supra 542 U.S. at 303-304 (emphasis in original).)

Because the trial court lacked the constitutional authority to consider certain factors in aggravation with regard to petitioner's sentence, and because the sentence did reach beyond the statutory maximum sentence prescribed under the DSL in several instances, i.e., circumstances in aggravation which were not allowed a challenge and which did cause petitioner's sentence to be substantially longer than that prescribed by law, be it an upper term or a circumstance to run the sentence consecutive rather than concurrent; circumstances in mitigation which were not given sufficient weight to control any facet of the sentencing; and, the overall perception that petitioner's plea and subsequent waivers were "knowing, intelligent, and voluntary," petitioner herein declares the sentence to be without the requisite constitutional protections afforded other similarly situated prisoners, and thereby, illegal. Further, the imposition of an unauthorized sentence is an act which is in excess of the court's jurisdiction and may be the subject of a later review, even after the affirmance of the judgment on direct appeal, and is not subject to the harmless error standard. Therefore, there is no bar which exists here regarding timliness. (In re Harris 5 Cal.4th 813, 838-40, 842 (1993))

When dealing with retroactivity, the High Court in Teague v Lane (489 U.S. 2188 (1989)), ruled that a case only becomes retroactive if the rule was dictated by precedent which was in existence before a defendant's conviction became final. Thus, we would now have to reflect on McMillan v Pennsylvania

- 2 -

(477 U.S. 79, 91 (1986)), where the court held:

> The preponderance of the evidence standard in assessing sentencing factors satisfies the Fourteenth Amendment's Due Process Clause for imposing penalties that remain within the statutory range already available to the court... and,
> Conversely, the preponderance of the evidence standard would violate the Fourteenth Amendment's Due Process Clause, if the penalty imposed was greater than the statutory maximum already available to the court.

Thus, the rule relied on by Apprendi, supra at 488-492, was clearly established by McMillan, supra, in 1986 by the United States Supreme Court, the same rule now quoted by the High Court in Cunningham, supra, and because the rule was dictated by a precedent which was already in existence in 1986, anyone whose conviction was not final when McMillan, supra, was decided must benefit now that California has finally been compelled to comply with McMillan, via Cunningham, supra.

Four years ago in Blakely v Washington 542 U.S. 296 (2004), the Court held that a departure from sentencing guidelines, including consecutive sentences based upon facts found to be true by a judge applying a "preponderance of evidence" standard, as opposed to a jury using the constitutionally sound standard of "proof beyond a reasonable doubt," violates the Sixth and Fourteenth Amendments of the United States Constitution.

The California Supreme Court rejected Blakely, supra, 542 U.S. 296, stating that California's sentencing procedures were different than Washington's and thus were constitutional. (People v Black 35 Cal.4th 1230 [Black I] (2005).)

However, in Cunningham v California 549 U.S. ___ (2007), the United States Supreme Court held that California's Determinate Sentencing Law, which allowed the judge to increase a defendant's sentence from the mandatory mid-term to the maximum of the three level term based upon that judge's determination of facts in aggravation, facts not complained of in the original information, not found true by the jury based on proof beyond a reasonable doubt but rather based upon

- 3 -

a preponderance of the evidence, violated the defendant's Sixth and Fourteenth Amendments of the United States Constitution.

Because the Executive Tribunals have recognized consecutive sentences as departures when, as in California, the determinations are made based on facts in aggravation found to be true by a judge based upon a preponderance of the evidence, this, too, violated the Sixth and Fourteenth Amendments to the United States Constitution. (Blakely, supra at 2536-37). Because California Rules of Court, Rule 4.420 mandates that certain circumstances in aggravation shall be established by a preponderance, this departure violates the Constitution of the United States. This same standard and rule applies concerning consecutive and concurrent sentencing (Cal. Rules of Court, 4.425 et.seq.), again violating the Sixth Amendment to the United States Constitution.

CONCLUSION

Because factors in aggravation in this case were decided by the trial judge based upon a preponderance of the evidence rather than proof beyond a reasonable doubt, and because the judge also decided, by the lower standard of proof, that the sentences herein should run consecutive, and finally, because the case depended upon herein does not stand for the proposition that there is any type of time bar limiting relief (Cunningham, supra, 549 U.S.___ (2007) which harkens back to before the point of California's Determinate Sentencing Law in it's recital directly from the pages of In re Winship, supra, 397 U.S. @ 363,) defendant requests that the sentence be amended to reflect mid-term sentences on all counts proved using the "beyond a reasonable doubt" standard and run concurrent, and that the abstract of judgment be amended in order to reflect the adjustments; in the alternative, defendant requests that the court appoint counsel and calendar a re-sentencing hearing within the next thirty (30) days;

and, whatever other adjustments the court deems just, fair, and equitable.

Habeas corpus must issue here as a matter of law.

## VERIFICATION

I swear under the penalty of perjury under the laws of the state of California and the United States that the foregoing is true, correct, and complete to the best of my knowledge.

Duly Submitted,

Keith Ellsworth McKinley
Defendant/Petitioner
In Pro Per

MARCH 11, 2008

- 5 -



Keith McKinley, V-05927
CSP-Solano, 5-231-1p
P.O. Box 4000
Vacaville, Ca. 95696-4000

California State Prison - Solano

RECEIVED

MAR 13 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California
U.S. Courthouse, 450 Golden Gate Ave.
San Francisco, Ca.  94102-3483

LEGAL MAIL

LEGAL MAIL