1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
KEITH ELLSWORTH McKINLEY,          )          No. C 08-01479 SBA (PR)
                                   )
7              Petitioner,         )          **ORDER GRANTING RESPONDENT'S**
                                   )          **MOTION TO DISMISS**
8     v.                           )
                                   )          (Docket no. 5)
9  D. K. SISTO, Warden,            )
                                   )
10             Respondent.         )
   _____ )

11

12                              **INTRODUCTION**

13        Petitioner Keith Ellsworth McKinley, a state prisoner incarcerated at Folsom State Prison,

14 filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that his

15 upper-term sentence violated his right to a jury trial under the principles set forth in Cunningham v.

16 California, 549 U.S. 270 (2007).  The Court issued an order directing Respondent to show cause

17 why the petition should not be granted.

18        Respondent filed a motion to dismiss for untimeliness.  Petitioner filed an opposition,

19 arguing implicitly that he is entitled to delayed commencement of the limitations period under 28

20 U.S.C. § 2244(d)(1)(C).  Respondent filed a reply.  Having considered the papers submitted, the

21 Court GRANTS Respondent's motion to dismiss.

22                          **PROCEDURAL BACKGROUND**

23        On June 27, 2003, Petitioner plead no contest in the Lake County Superior Court to charges

24 related to manufacturing and possessing methamphetamine, as well as possessing a silencer for a

25 firearm and driving while intoxicated.  (CT 480.)  On August 29, 2003, he was sentenced to a prison

26 term of sixteen years and eight months.  (CT 602.)  His sentence consisted of the upper limit within

27 the sentencing range for two of the charges.  (CT 602.)  On October 18, 2004, the California Court

28 of Appeal affirmed his conviction.  (Resp't Ex. 2 at 1.)  The California Supreme Court denied review

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    on January 12, 2005.  (Resp't Ex. 3.)

2         On March 23, 2007, Petitioner filed a habeas petition in the Lake County Superior Court.

3    The superior court denied the petition on March 27, 2007.  (Resp't Ex. 4.)  On May 7, 2007,

4    Petitioner filed a habeas petition in the California Court of Appeal.  The appellate court denied the

5    petition on July 11, 2007.  (Resp't Ex. 5 at 1.)  On July 30, 2007, Petitioner filed a habeas petition in

6    the California Supreme Court.  The California Supreme Court denied the petition on February 13,

7    2008.  (Resp't Ex. 7 at 1.)

8         Petitioner filed the present petition on March 11, 2008.[1]

9                                          **DISCUSSION**

10        The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a statute of limitations

11   on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners

12   challenging non-capital state convictions or sentences must be filed within one year of the latest date

13   on which: (A) the judgment became final after the conclusion of direct review or the time passed for

14   seeking direct review; (B) an impediment to filing an application created by unconstitutional state

15   action was removed, if such action prevented the petitioner from filing; (C) the constitutional right

16   asserted was initially recognized by the Supreme Court, if the right was newly recognized by the

17   Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the

18   claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-

19   (D).

20

21        The one-year period generally runs from "the date on which the judgment became final by

22   the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

23   § 2244(d)(1)(A).  "Direct review" includes the period within which a petitioner can file a petition for

24

25

26   _____

      [1]    A pro se federal or state habeas petition is deemed filed on the date it is delivered to
      prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001),
      vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a

27   federal or state habeas petition is deemed filed on the date the prisoner submits it to prison
      authorities for filing, rather than on the date it is received by the court).  March 11, 2008 is the date

28   the federal petition was signed; for the purposes of this discussion, the Court deems that the petition
      was filed on that date.

**United States District Court**
For the Northern District of California

1    a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files

2    such a petition. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner

3    fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year

4    limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13

5    expires. <u>See</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file

6    petition for certiorari, his conviction became final ninety days after the California Supreme Court

7    denied review); <u>Bowen</u>, 188 F.3d at 1159 (same).

8         The one-year period is calculated according to the general rule for counting time in federal

9    courts, Rule 6(a) of the Federal Rules of Civil Procedure. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246

10   (9th Cir. 2001).  That is, "the day of the act, event, or default from which the designated period of

11   time begins to run shall not be included" in the one-year limitations period. Fed. R. Civ. P. 6(a).

12   This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the

13   limitations period will be the same date as the triggering event in the following year. <u>Patterson</u>, 251

14   F.3d at 1246.

15        In the instant case, the California Supreme Court denied review of Petitioner's case on

16   January 12, 2005.  His conviction became final on April 12, 2005, after the expiration of the ninety-

17   day period within which he could have sought a writ of certiorari from the United States Supreme

18   Court.  Therefore, he had until April 12, 2006 to file a timely habeas petition in federal court.

19

20        Petitioner first filed a habeas petition in the state superior court on March 23, 2007.  While

21   the AEDPA allows for tolling during the pendency of a "properly filled application for State post-

22   conviction or other collateral review with respect to the pertinent judgement or claim," 28 U.S.C.

23   § 2244(d)(2), state court habeas petitions filed after the expiration of the limitations period can not

24   revive the statute of limitations or restart the clock. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th

25   Cir. 2003); <u>Jiminez Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).  Because Petitioner's one-year

26   limitations period had already expired when he filed his state superior court habeas petition, he is not

27   entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  The present petition filed on March 11,

28   2008 is therefore untimely absent a justification for late filing.

**United States District Court**
For the Northern District of California

1   As mentioned above, a petitioner could justify the late filing of his petition by demonstrating

2   his eligibility for a delayed commencement of the limitations period under either subheadings (B),

3   (C) or (D) of § 2244(d)(1).  Here, Petitioner asserts that the right granted in <u>Cunningham</u> entitles

4   him to a delayed commencement of the limitations period under § 2244(d)(1)(C).

5   Delayed commencement under § 2244(d)(1)(C) requires as its predicate a constitutional right

6   that is (1) newly recognized by the Supreme Court, and (2) made retroactive to cases on collateral

7   review.  The first prong of this analysis requires consideration of <u>Cunningham</u>'s place in the

8   Supreme Court's jurisprudence on the role of the Sixth Amendment in sentencing.  In 2000, in

9   <u>Apprendi v. New Jersey</u>, the Supreme Court held that "any fact (other than a prior conviction) that

10  increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury,

11  and proven beyond a reasonable doubt."  530 U.S. 466, 476 (2000) (citation omitted).  Four years

12  later in <u>Blakely v. Washington</u>, the Court ruled that "the 'statutory maximum' for <u>Apprendi</u> purposes

13  is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury

14  verdict or admitted by the defendant."  542 U.S. 296, 303 (2004).  Then, in <u>United States v. Booker</u>,

15  the Court held that <u>Blakely</u> applied to the federal sentencing guidelines, and determined that

16  sentences imposed under the guidelines violated the Sixth Amendment if they were based on facts

17  determined by the judge and exceeded the sentences which would have been imposed based solely

18  on facts found by the jury or admitted by the defendant.  543 U.S. 220, 288-90 (2005).  Finally, in

19  <u>Cunningham</u>, the Court held that the imposition of an upper-term sentence under the California

20

21  sentencing laws, based on facts not tried to a jury, violates the Sixth Amendment.  549 U.S. at 293.

22  In <u>Butler v. Curry</u>, the Ninth Circuit examined the <u>Apprendi</u>-<u>Blakely</u>-<u>Booker</u> line of cases in

23  order to determine whether or not the rule announced in <u>Cunningham</u> was a "new rule" for purposes

24  of retroactivity under <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989).  <u>Butler v. Curry</u>, 528 F.3d 624 (9th

25  Cir. 2008).  The court held that the rule announced in <u>Cunningham</u> was not new; to the contrary, it

26  was "compelled by precedent" as of 2005, when Cunningham's conviction became final.  <u>Butler</u>, 528

27  F.3d at 634.  In particular, the <u>Cunningham</u> decision was compelled by the Supreme Court's 2004

28  decision in <u>Blakely</u>, and was simply an application of the rule announced in <u>Blakely</u>.  <u>Butler</u>, 528

F.3d at 635; <u>see</u> <u>also</u> <u>Collett v. Salazar</u>, 588 F. Supp. 2d 1107, 1110 (C.D. Cal. 2008) (citing <u>Butler</u> for the determination that <u>Cunningham</u> was not a new rule).  Therefore, the right in <u>Cunningham</u> is not "newly recognized" within the meaning of § 2244(d)(1)(C).

In addition to recognizing a new right, a Supreme Court case must also be retroactively applicable to cases on collateral review in order to serve as the predicate for a delayed commencement of the limitations period under § 2244(d)(1)(C).  Petitioner is correct in asserting that the Ninth Circuit held in <u>Butler</u> that <u>Cunningham</u> "may be applied retroactively on collateral review."  <u>Butler</u>, 528 F.3d at 639.  However, § 2244(d)(1)(C) requires a right that is *both* newly recognized by the Supreme Court *and* applicable retroactively.  The determinative inquiry for whether this Court can consider Petitioner's claims is whether he is entitled under § 2244(d)(1)(C) to a delayed commencement of the limitations period on the date the <u>Cunningham</u> decision was issued, not simply whether or not <u>Cunningham</u> is retroactive.  As mentioned above, Petitioner's reliance on <u>Cunningham</u> fails on the first prong of § 2244(d)(1)(C).  Therefore, the Court need not decide the second prong of whether <u>Cunningham</u> could apply retroactively to convictions finalized prior to <u>Blakely</u>, as in Petitioner's case.

Petitioner also discusses the Supreme Court's <u>Blakely</u> decision in his petition.  (Pet. at 7, A1, A3, A4.[2])  In contrast to <u>Cunningham</u>, in <u>Blakely</u> the Supreme Court announced a new rule.  <u>Shardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005).  However, under <u>Teague</u>, <u>Blakely</u> is not retroactive.  <u>Shardt</u>, 414 F.3d at 1038.  Therefore, even if <u>Blakely</u> provided Petitioner with a "newly recognized" right under § 2244(d)(1)(C), that right is not retroactive.  Furthermore, even if <u>Blakely</u> were retroactive and Petitioner's limitations period commenced with the Supreme Court's decision in <u>Blakely</u> in 2004, his 2008 petition would still be untimely.

Because none of the cases Petitioner relies upon meets both prongs of § 2244(d)(1)(C), he is not entitled to a delayed commencement of the limitations period and the petition is untimely.  Accordingly, the Court GRANTS Respondent's motion to dismiss.

---

[2]   Petitioner attaches an "Addendum" to his habeas petition form.  The Court will refer to the pages of his "Addendum" as A1-A5.

5

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (docket no. 5) is GRANTED.  The petition for a writ of habeas corpus is DISMISSED because it was not timely filed.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: September 30, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\McKinley1479.grantMTD(sol).frm

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEITH E. MCKINLEY,

        Plaintiff,

  v.

D.K. SISTO et al,

        Defendant.

Case Number: CV08-01479 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Ellsworth McKinley V-05927
California State Prison - Folsom
P.O. Box 950
Folsom,  CA 95767

Dated: October 13, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\McKinley1479.grantMTD(sol).frm